UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY M. PIERCE, : | |
|     Petitioner, : | |
| : | PRISONER |
| v. : | Case No. 3:16-cv-1596 (RNC) |
| : | |
| WARDEN EDWARD MALDONADO, : | |
|     Respondent. : | |

## RULING AND ORDER

Petitioner, a Connecticut inmate, brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1999 Connecticut convictions for burglary and kidnapping. Respondent moves to dismiss the petition as barred by AEDPA's one-year statute of limitations, 28 U.S.C. § 2244(d)(1). It is undisputed that petitioner filed this petition more than one year after the state courts completed their review of his last application for state habeas relief. Petitioner contends that tolling applies to save his petition. I agree with respondent that the petition is untimely and therefore grant the motion to dismiss.

Petitioner contends that the tolling provided by 28 U.S.C. § 2244(d)(2) while an application for state post-conviction relief is "pending" includes the ninety days permitted for filing a petition for certiorari to the U.S. Supreme Court. That interpretation of the statute was rejected in Lawrence v. Florida, which held that the filing of a petition for certiorari

does not toll the statute of limitations under § 2244(d)(2). 549 U.S. 327, 331-32, 337 (2007). Petitioner points to Gonzalez v. Thaler, but that case pertains to direct review, rather than collateral review. 565 U.S. 134, 150 (2012).

Petitioner contends that he is entitled to equitable tolling. He relies on an attorney's letter that allegedly misled him into calculating his filing deadline incorrectly. See Letter from Att'y Dorman, Pet.'s Resp. Mot. Dismiss Ex. A, at 1, Oct. 9, 2015, ECF No. 20-1 at 20. Petitioner claims that the letter, dated one month after termination of his state post-conviction appeal, led him to believe that the statute of limitations began to run that day, when in reality he had only eleven months remaining. Respondent contends that the letter was not misleading because it does not discuss statutory time limits or dates and it cannot excuse petitioner's lack of reasonable diligence in filing on time.

Equitable tolling is available to a federal habeas petitioner when (1) an extraordinary circumstance prevented him from filing a timely petition and (2) he acted with reasonable diligence during the period for which he seeks tolling. Lawrence v. Florida, 549 U.S. 327, 336 (2007). The attorney's letter does not constitute an extraordinary circumstance. The letter notified petitioner that his state remedies were exhausted (without specifying the date of the final state court action) and he should contact a new attorney in order to pursue a federal

appeal.  Even assuming the attorney should have notified petitioner of AEDPA's one-year limitations period and how it applied in his case, any such error does not rise to the level of an extraordinary circumstance.  See id. (counsel's mistake in miscalculating limitations period did not justify equitable tolling); LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005) (attorney's failure to notify client of state court's decision did not justify equitable tolling).

Accordingly, the motion to dismiss is granted and the petition is dismissed.  Because jurists of reason would not find it debatable that the petition is barred by the statute of limitations, a certificate of appealability will not issue.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Clerk may enter judgment and close the case.

So ordered this 26th day of September, 2017.

_____/s/ RNC_____
Robert N. Chatigny
United States District Judge